JOHN AND ANDROULLA J. NICHOLA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nichola v. Commissioner
Docket No. 14143-89
United States Tax Court
T.C. Memo 1992-105; 1992 Tax Ct. Memo LEXIS 104; 63 T.C.M. (CCH) 2150; T.C.M. (RIA) 92105; February 20, 1992, Filed *104 Decision will be entered for respondent. John Nichola, pro se. J. Michael Melvin, for respondent. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned for trial pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent determined a deficiency in petitioners' Federal income tax for 1985 in the amount of $ 873. The issues before the Court are: (1) Whether the amount of $ 2,286.45, which was part of an $ 8,500.00 distribution from Mr. Nichola's IRA account in 1985 is taxable income and (2) whether an additional $ 207.00 in unemployment compensation is includable as income under the provisions of section 85. Some of the facts were stipulated and are so found. Petitioners were residents of Palm Harbor, Florida, at the time the petition herein was filed. In 1982 and 1983 John Nichola (petitioner) had an Individual Retirement Account (IRA) with East River Bank in New York, N.Y. In both of those years petitioner claimed *105 a $ 4,000 IRA contribution deduction on his Federal income tax return: $ 2,000 for his wife and $ 2,000 for himself. In March 1984, petitioner established an IRA with Prudential-Bache Securities, Inc., (Prudential-Bache). The records of Prudential-Bache indicate that between April 1984 and November 1985, petitioner made three deposits to his IRA. The first deposit made on April 4, 1984, was a rollover deposit from the prior IRA in the amount of $ 2,648.16. The second deposit was made on August 9, 1984, in the amount of $ 4,286.45 and the third deposit was made on March 15, 1985, involving $ 1,500.00. The August 9, 1984, check representing the $ 4,286.45 deposit contains a notation which stated "transfer IRA account 1984-#076-80234-27". Petitioner claimed an IRA deduction of $ 4,000 in 1984. On or about November 8, 1985, Prudential-Bache distributed $ 8,500 to petitioner from his IRA account. Respondent determined that the entire distribution of $ 8,500 was includable in petitioner's taxable income for 1985. Petitioner has now conceded that, except for the amount of $ 2,286.45, the distribution represents taxable income. Petitioner has the burden of proof. Rule 142(a); . *106 Section 408(d)(1) provides in pertinent part that, except as otherwise provided, any amount paid or distributed out of an individual retirement account shall be included in gross income by the payee. Here, the W-2P Form provided by Prudential-Bache reflects a distribution of $ 8,500 to petitioner in 1985 and, as indicated above, the records of Prudential-Bache indicate the three deposits of approximately $ 8,500 to petitioner's IRA account in 1984 and 1985. Petitioner, however, argues that $ 2,286.45 out of the August 9, 1984, deposit was not intended by him as a deposit to the IRA. Instead, he argues he intended this amount to be combined by Prudential-Bache with the funds in his IRA in order to purchase a higher yield security. Petitioner's uncorroborated testimony is singularly unconvincing. The relevant periodic statements issued by Prudential-Bache with respect to petitioner's IRA do not support petitioner's contention. Nor is there any evidence to show that petitioner ever questioned the purported failure by Prudential-Bache to carry out his "intention". In any event, such commingling of assets as described by petitioner would be prohibited by section 408(a)(5) which *107 specifically states that the assets of an IRA Trust "will not be commingled with other property except in a common trust fund or common investment fund." The statute defines a common investment fund as a group trust created for the purpose of diversifying investments or reducing administrative expenses for the individual participating trusts. The group trust must meet the requirements of section 408(c) and of section 401(a). Furthermore, there must be a separate accounting for the interest of each employee or member of the investment fund. See sec. 408(c)(2). We conclude on this record that the entire amount of $ 4,286.45 deposited with Prudential-Bache on August 9, 1984, represented a contribution to petitioner's IRA. Since the contribution of $ 4,286.45 to the IRA exceeded the maximum of $ 2,000 allowable as an IRA contribution under section 219, the balance of $ 2,286.45 constituted an "excess contribution" within the meaning of section 4973(b). Excess contributions are includable in gross income upon distribution under section 408(d)(1) unless they are excluded by section 408(d)(5) which provides in pertinent part as follows: In the case of any individual, if the aggregate *108 contributions * * * paid for any taxable year to an individual retirement account * * * do not exceed $ 2,250, paragraph (1) shall not apply to the distribution of any such contribution to the extent that such contribution exceeds the amount allowable as a deduction under section 219 for the taxable year for which the contribution was paid -- (i) if such distribution is received after the date described in paragraph (4), [the return due date for the year in which the contribution is made], (ii) but only to the extent that no deduction has been allowed under section 219 with respect to such excess contribution.
It is fairly evident on this record that petitioner's aggregate contribution to his IRA in 1984 in the amount of $ 4,286.45 does not qualify under the criteria delineated under the statute. We have also considered petitioner's unfocused argument based upon section 408(e)(1) and find it unpersuasive. Section 408(e)(1) deals with the tax treatment of funds within an IRA account and is wholly irrelevant to the issue before us. We therefore conclude that the entire amount of $ 8,500 distributed by Prudential-Bache to petitioner from the IRA account in 1985 is includable *109 in gross income under the provisions of section 408(d)(5). Respondent is sustained. We next turn to the issue of whether, under section 85, an additional $ 207 in unemployment compensation is includable in petitioner's gross income in 1985. Petitioner's wife received unemployment compensation in 1985 in the amount of $ 2,125. No portion of this amount was included in income. Section 85, as applicable, provides that if the sum of the taxpayer's adjusted gross income, plus unemployment compensation, exceeds a certain base amount, the taxpayer's gross income for the year includes unemployment compensation in an amount equal to the lesser of "(1) one-half of the amount of the excess of such sum over the base amount, or (2) the amount of the unemployment compensation." The applicable base amount here is $ 18,000. We find on this record that petitioner's corrected adjusted gross income (including the IRA distribution and the unemployment compensation) is $ 18,414, which amount represents an excess of $ 414 over the statutory base amount of $ 18,000. Applying the statutory formula, the amount of unemployment compensation includable in petitioner's gross income is one-half of such *110 excess, or $ 207. Petitioner's reliance on section 86 is misplaced in that it deals with wholly unrelated matters. Section 86 concerns the taxability of social security benefits and tier 1 railroad retirement benefits and it has no conceivable application here. We conclude on this record that unemployment compensation in the amount of $ 207 is includable in petitioner's gross income for 1985. Respondent is sustained. Decision will be entered for respondent.